UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Mohamed Abdihamid Farah (02),
Abdirahman Yasin Daud (04), and
Guled Ali Omar (07),

    Defendants.

**ORDER**
Crim. No. 15-49 (MJD/FLN)

_____

    John Docherty, Andrew Winter and Julie Allyn, Assistant United States Attorneys, Counsel for Plaintiff.

    Murad M. Mohammad, Murad Defense P.A., Counsel for Defendant Mohamed Farah.

    Bruce D. Nestor, De Leon & Nestor, LLC, Counsel for Defendant Abdirahman Daud.

    Glenn P. Bruder, Mitchell, Bruder & Johnson, Counsel for Defendant Guled Omar.

_____

    This matter is before the Court on the parties' motions in limine.

    Based on the submissions of the parties and the proceedings herein, **IT IS HEREBY ORDERED:**

    1.    Government's Motion to Admit Rule 404(b) Evidence [Doc. Nos. 419 and 420] is **GRANTED.** Evidence concerning Defendant Guled Omar's 2012

1

attempt to travel to Kenya in order join al Shabaab, including evidence that Defendant Guled Omar provided separate rides to Mohamed Guled Osman a/k/a Bashi and Omar Ali Farah, a/k/a Khalif to the airport so that they could travel overseas and join al Shabaab in 2012, is admissible. At trial, the Court will provide the appropriate limiting instruction that the evidence cannot be considered as against Defendants Abdirahman Daud and Mohamed Farah, and can be considered against Defendant Guled Omar only to show intent as it relates to Counts 1, 2, 3 and 4 of the Second Superseding Indictment;

2. Government's Motion to Bar Defendants from Mentioning Penalties [Doc. No. 421] is **GRANTED.** Defense counsel may not elicit any testimony or make any statement concerning the potential penalties defendants face if convicted of the crimes charged in the presence of the jury. Defendants may, on cross-examination of the cooperating witnesses and the uncharged CHS, inquire with respect to their understanding of the benefits of their agreements to cooperate with the Government, including the penalties that they could have faced had they not entered into a cooperation agreement. See United States v. Caldwell, 88 F.3d 522 (8th Cir. 1996); United States v. Roan Eagle, 867 F.2d 436 (8th Cir. 1989);

3.    Government's Motion for Protective Order Pertaining to Undercover Agent [Doc. No. 422] is **GRANTED**.  The Government shall submit to the Court, in camera, the true name of the Undercover Agent, and any information concerning any prior cases in which the Undercover Agent testified;

4.    Government's Motion to Preclude References Before Jury to Government Conduct [Doc. No. 423] is **GRANTED**.  The Government is instructed to have available and under subpoena those government agents who participated in the witness interviews reflected in the 302s in the event that at trial, a witness denies making a statement which was attributed to him by said government agent in the 302.  In the event a cooperating witness denies making a statement contained in a 302, any Defendant who seeks to call the relevant government agent for impeachment purposes shall provide notice to the Government within 24 hours of such denial.  If no notice is timely given, the Government may release the agent from its subpoena;

5.    Government's Motion to Preclude Evidence of Combatant Immunity or Other Affirmative Defense [Doc. No. 424] is **GRANTED**.  The Court finds that the offer of proof included in Defendants' opposition brief [Doc. No. 465] is not sufficient to warrant evidence or arguments related to the affirmative defenses of

self defense/defense of others and combatant immunity. Accordingly, Defendants are precluded from eliciting testimony or other evidence or offering argument that they agreed to travel to Syria in defense of others or that they believed they would participate in lawful combat by joining ISIL or that joining and fighting with ISIL was legally justified for any reason;

6. Government's Motion for Expert Witness Disclosure [Doc. No. 447] is **RESERVED** pending argument on April 26, 2016;

7. Defendants' Motion for a Written Juror Questionnaire [Doc. No. 182] and the Supplemental Motion for Written Juror Questionnaire [Doc. No. 412] are **DENIED**. Defendants will each be given 30 minutes and the government 60 minutes to ask prospective jurors questions following the Court's examination;

8. Defendant Daud's Motion to Exclude or Limit Expert Testimony [Doc. No. 414] and Defendant Omar's Motion to Exclude Expert Testimony [Doc. No. 426] are **DENIED**. The Government has demonstrated that its expert, Charles Lister, will provide reliable and admissible expert testimony about, *inter alia,* the history and politics of the Syrian insurgency, the history and methods used by ISIL, why foreign fighters would want to achieve martyrdom, as well as the origins, history and present day beliefs of Islamic extremism and the

language used to describe those beliefs. [Doc. No. 468-1]  The Government has also demonstrated that Charles Lister is qualified to provide expert testimony on these topics;

    9.    Defendant Daud's Motion for Financial Information on Expert Compensation [Doc. No. 415] is **GRANTED** as follows: the Government shall disclose the hourly fees and expenses paid to its expert concerning this case only;

    10.    Defendant Daud's Motion to Sequester Witnesses [Doc. No. 416] is **GRANTED**.  All government witnesses and all defense witnesses shall be sequestered pursuant to Fed. R. Evid. 615.  The Government's lead case agent, FBI Agent John Thomas, may sit at counsel table throughout trial;

    11.    Defendant Daud's Motion to Bar Government from Labeling Defendants with Prejudicial Terms [Doc. No. 418] is **RESERVED** pending argument on April 26, 2016;

    12.    Defendant Omar's Motion to Join Motions at Doc. Nos. 414, 415, 416 and 418. [Doc. No. 425] is **GRANTED**;

    13.    Defendant Daud's Motion to Disclose Exculpatory Evidence Related to Abdirahman Bashir [Doc. No. 448] is **DENIED AS MOOT**; and

14. Defendant Daud's Motion Re: Defendant's Citizenship Status and Application [Doc. No. 450] is **RESERVED** pending argument on April 26, 2016.

Date: April 25, 2016

                              s/ Michael J. Davis
                              Michael J. Davis
                              United States District Court