UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

     Plaintiff,

v.

                              **MEMORANDUM OPINION
AND ORDER**
Crim. No. 15-49 (MJD/FLN)

Mohamed Abdihamid Farah (02),
Abdirahman Yasin Daud (04), and
Guled Ali Omar (07),

     Defendants.

_____

     John Docherty, Andrew Winter and Julie Allyn, Assistant United States Attorneys, Counsel for Plaintiff.

     Murad M. Mohammad, Murad Defense P.A., Counsel for Defendant Mohamed Farah.

     Bruce D. Nestor, De Leon & Nestor, LLC, Counsel for Defendant Abdirahman Daud.

     Glenn P. Bruder, Mitchell, Bruder & Johnson, Counsel for Defendant Guled Omar.

_____

     Defendant Abdirahman Daud moves for the disclosure of medical records related to a hospital visit by the CHS in this case, Abdirahman Bashiir, on August 31, 2015 in San Diego.  The Court ordered that the government obtain such records and submit them to the Court for *in camera* review.  The Court has

received and reviewed these records.

Defendant Daud asserts that evidence concerning Bashiir's hospital visit is proper impeachment, as it occurred while Bashiir was being paid by the government to review and notate transcripts of recorded conversations with various defendants in this case.

The Eighth Circuit has held that a defendant has the right to challenge the accuracy of a witness's testimony through evidence of a mental defect that may affect the witness's memory.

> [A] defendant has 'the right to attempt to challenge [a witness's] credibility with competent or relevant evidence of any mental defect or treatment at a time probatively related to the time period about which he was attempting to testify. However, "[to] be relevant, the mental health records must evince an 'impairment' of the witness's 'ability to comprehend, know, and correctly relate the truth.' Factors which district courts should consider before permitting such cross-examination include: 1) the nature of the psychological problems; 2) whether the witness suffered from the condition at the time of the events to which the witness will testify; 3) the temporal recency or remoteness of the condition.

United States v. Love, 329 F.3d 981, 984 (8th Cir. 2003)

The medical records disclose that Abdirahman Bashiir suffered an anxiety attack on August 31, 2015, and that the attack was brought on by his participation as a CHS in this case, fear for himself and his family because of this participation

and by his use of marijuana and hashish.  Because this attack occurred while

Bashiir was still working with the government, and because an anxiety attack

and drug use may affect the credibility of Bashiir's testimony, the Court finds it is

proper impeachment.

IT IS HEREBY ORDERED that Defendant Daud's Motion for Disclosure of

Medical Records [Doc. No. 500] is GRANTED.  The government shall turn over to

the defense the medical records submitted to the Court *in camera* from Scripps La

Jolla Hospital and the Jane Westin Center.

Date:   May 12, 2016


s/ Michael J. Davis
Michael J. Davis
United States District Court