UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Mohamed Abdihamid Farah (02),
Abdirahman Yasin Daud (04), and
Guled Ali Omar (07),

    Defendants.

**MEMORANDUM OPINION AND ORDER**
Crim. No. 15-49 (MJD/FLN)

_____

John Docherty, Andrew Winter and Julie Allyn, Assistant United States Attorneys, Counsel for Plaintiff.

Murad M. Mohammad, Murad Defense P.A., Counsel for Defendant Mohamed Farah.

Bruce D. Nestor, De Leon & Nestor, LLC, Counsel for Defendant Abdirahman Daud.

Glenn P. Bruder, Mitchell, Bruder & Johnson, Counsel for Defendant Guled Omar.

_____

This matter is before the Court on the government's motion to limit the impeachment of Abdullahi Yusuf. [Doc. No. 499]

The government seeks an order barring evidence, for the purposes of impeachment, that on or about April 25, 2015, Defendant Abdullahi Yusuf had

1

his halfway house placement terminated because of the discovery of a box cutter under his bed.

The government argues this evidence is improper impeachment evidence under Rule 609 (a) of the Federal Rules of Evidence because this incident did not result in a conviction or was otherwise adjudicated.  The government further argues that this incident is not probative of truthfulness or dishonesty, therefore it is not proper impeachment evidence under Rule 608 (b).  The government asserts that impeachment is permitted under Rule 608 (b) by a specific incident of misconduct only if that incident is probative of the character of the witness for truthfulness or untruthfulness.  The rule is intended to prevent "mini-trials". United States v. Martz, 964 F.2d 787, 789 (8th Cir. 1992); United States v. Alston, 626 F.3d 397, 403 (8th Cir. 2010); United States v. Hastings, 577 F.2d 38, 41 (8th Cir. 1978); United States v. Ngombwa, 2016 WL 111434 at *7 (8th Cir. Jan. 10, 2016).

Defendant Daud opposes the motion on the basis that Yusuf's termination from the halfway house is relevant to Yusuf's motivation to cooperate with the government.

While there is no dispute that a box cutter was found under Yusuf's bed at the halfway house shortly before his placement there was revoked, both the government and the probation office tendered to the Court that it was not possible to prove by a preponderance of the evidence that Yusuf actually possessed the box cutter.  In addition, the Court was informed that one of Yusuf's roommates at the halfway house had been found with contraband on his person and had planted contraband on another roommate, and as a result, was expelled from the halfway house.

Based on an abundance of caution, the Court revoked Yusuf's placement at the halfway house and took Yusuf into custody.  The Court did not, however, make any findings that Yusuf possessed the box cutter.

Accordingly, IT IS HEREBY ORDERED that the government's motion to limit impeachment evidence [Doc. No. 499] is GRANTED in part as follows: evidence concerning the basis for the revocation of Yusuf's placement at the halfway house is improper impeachment and is excluded.  Defense counsel may raise the fact that Yusuf's placement at the halfway house was revoked, but may

not inquire into the basis of the revocation. The remainder of the government's motion is under advisement.

Date: May 13, 2016

                                s/ Michael J. Davis  
                                Michael J. Davis  
                                United States District Court