UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Mohamed Abdihamid Farah (02),

    Defendant.

MEMORANDUM OPINION
AND ORDER
Crim. No. 15-49 (MJD/FLN)

_____

    Murad Mohammad, Murad Defense P.A., Counsel for Defendant Mohamed Farah.

_____

Defendant Mohamed Farah's retained counsel, Murad Mohammad, moves for an order appointing him as counsel, *nunc pro tunc*, from September 1, 2015, or whatever time the Court deems adequate, pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A.

## I.   BACKGROUND

Counsel was retained by Defendant Mohamed Farah's parents in August 2015. He filed a notice of appearance on August 5, 2015. [Doc. No. 5.] Counsel claims that Defendant and his parents are unable to pay his attorney's fees and moves to be appointed counsel under the CJA.

1

This Court previously denied a similar motion, as counsel failed to support the motion with the requisite declarations from his client as to inability to pay. [Doc. No. 550]

## II.   DISCUSSION

The Eighth Circuit has noted that "an attorney who fails to make adequate arrangements before accepting representation of a client cannot rely on the CJA to 'bail [him] out.'" United States v. Haas, 623 F.3d 1214, 1221 (8th Cir. 2010) (quoting United States v. James, 301 F. Supp. 107, 141 (W.D. Tex. 1969)).  Thus, the court has upheld denial of a retained attorney's request for appointment when the district court reasoned that:

> [g]enerally, an attorney will not be permitted to withdraw or convert to court-appointed status due to defendant's failure to comply with the financial agreement, and defendant's incarceration and failure to comply could have been anticipated when counsel agreed to represent Defendant.

Haas, 623 F.3d at 1221.

District courts have discretion to appoint retained counsel when necessary. For example, in United States v. Serhan, the district court for the Eastern District of Michigan appointed retained counsel because the defendant's mother was no longer able to pay his fees, the defendant was indigent, the trial was two months

away, and retained counsel was knowledgeable and qualified. No. 14-20685, 2015 WL 4886578, at *3 (E.D. Mich. Aug. 17, 2015).

The District of Minnesota's Criminal Justice Act Plan anticipates appointment of retained counsel in that the Plan allows for a judge to appoint an attorney who is not a member of the CJA Panel in order to maintain "continuity of representation." D. Minn. CJA Plan App'x § A(3)(c).

In support of his motion, counsel has now provided declarations from his client and his client's parents as to their ability to pay. Pursuant to the declaration of Abdihamid Farah, the Defendant's father, he was able to pay one half of counsel's retainer, but is no longer able to pay the other half. Defendant also states in his declaration that he has no means by which to pay counsel's fees. Based on this record, the Court will grant the motion as of the date the trial in the above matter commenced.

IT IS HEREBY ORDERED the Motion for Appointment of Counsel [Doc. No. 539] is GRANTED *nunc pro tunc* from May 9, 2016.

Date:   June 17, 2016

s/ Michael J. Davis
Michael J. Davis
United States District Court