UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff/Respondent,

v.

Mohamed Abdihamid Farah,

    Petitioner/Petitioner.

**MEMORANDUM OPINION
AND ORDER**
Crim. No. 15-049 (02) (MJD)

---

    John Docherty, Assistant United States Attorney, Counsel for Plaintiff/Respondent.

    Jordan S. Kushner, Counsel for Defendant/Petitioner.

---

    This matter is before the Court on Petitioner's motion to vacate or correct an illegal sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 922.)

**I.    Background**

    On June 3, 2016, a jury found Petitioner guilty on all counts in the Superseding Indictment: Count 1, Conspiracy to Murder Outside the United States; Count 2, Conspiracy to Provide Material Support to a Designated Foreign Terrorist Organization; Count 5, Attempting to Provide Material Support to a Designated Foreign Terrorist Organization; and Count 6, Attempting to Provide

1

Material Support to a Designated Foreign Terrorist Organization; Count 7, Perjury; and Count 9, False Statement.  (Doc. No. 592.)

Prior to sentencing, a presentence investigation report ("PSR") was prepared.  As set forth in the PSR, the base offense level for Count 1, Conspiracy to Murder, is 33 pursuant to U.S.S.G. § 2A1.5(b)(1).  A twelve-level enhancement was then applied pursuant to § 3A1.4(a) because the crime of conviction involved or was intended to promote a federal crime of terrorism.  In addition, § 3A1.4(b) provides that where the terrorism enhancement applies, the Petitioner's criminal history category shall be VI.  As a result, the total offense level was determined to be 45, which was the greatest of the adjusted total offense levels for Petitioner's convictions.  The offense level was then reduced to 43 pursuant to Chapter 5, Part A (comment n.2.)  The resulting applicable guideline range based on a total offense level 43, criminal history category VI was found to be life imprisonment.

Trial counsel filed a sentencing position brief and a motion for downward departure/variance, arguing that the Court should impose a sentence below the applicable guideline range based on an overstated criminal history, acceptance of responsibility, family support, his susceptibility to radicalization and the value he could provide to his family. (Doc. Nos. 724 and 725.)   In consideration of the

sentencing factors set forth in 18 U.S.C. § 3553(a), the Court varied from the applicable guideline range of life imprisonment and sentenced Petitioner to 360 months imprisonment on Count 1, 180 months on Counts 2, 5 and 6, 60 months on Count 7 and 96 months on Count 9, to be served concurrently.  (Doc. No. 827 (Sentencing Memorandum and Opinion).)   Petitioner's convictions and sentence were affirmed on appeal.  United States v. Farah et al., 899 F.3d 608 (8th Cir. 2018) reh'g and reh'g en banc denied, (Oct. 12, 2018) cert. denied, 139 S. Ct. 1275 (Feb. 25, 2019).

On February 22, 2020, Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.  In this motion, Petitioner has asserted a number of claims based on ineffective assistance of counsel.

II.     **Standard of Review**

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set

aside or correct the sentence." 28 U.S.C. § 2255(a). Section 2255 is intended to provide federal prisoners a remedy for jurisdictional or constitutional errors. Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011). It is not intended to be a substitute for appeal or to relitigate matters decided on appeal. See Bousley v. United States, 523 U.S. 614, 621 (1998); Davis v. United States, 417 U.S. 333, 346-47 (1974).

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citations omitted). Claims of ineffective assistance of counsel may constitute the "cause and prejudice" required to excuse otherwise procedurally defaults claims. Boysiewick v. Schriro, 179 F.3d 616, 619 (8th Cir. 1999).

Petitioner is entitled to an evidentiary hearing on his petition "unless the motion and the files and records of the case conclusively show that the prisoner

is entitled to no relief." 28 U.S.C. § 2255(b).  "[A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (internal citations omitted).

### III.  Discussion

#### A. Ineffective Assistance of Counsel

Claims of ineffective assistance must be scrutinized under the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984).  Under the Strickland test, Petitioner must prove that: 1) counsel's representation was deficient; and 2) counsel's deficient performance prejudiced Petitioner's case.  Kingsberry v. United States, 202 F.3d 1030, 1032 (8th Cir. 2000) reh'g and reh'g en banc denied, (March 28, 2000).

To satisfy the first prong of the Strickland test, Petitioner must show that counsel's representation fell below an objective standard of reasonableness under professional norms.  Strickland, 466 U.S. at 688.  The inquiry should be whether counsel's assistance was reasonable considering all the circumstances

5

surrounding the case. Id. Judicial scrutiny of counsel's performance should be highly deferential, and the general presumption is that counsel's conduct "falls within the wide range of reasonable professional assistance." Id. at 689.

To satisfy the second prong under the Strickland test, Petitioner must show that but for counsel's errors, the outcome of the proceedings would have been different. Id. at 691.

Petitioner asserts that trial counsel was ineffective by failing to provide him with proper and adequate advice about his options to plead guilty prior to the government obtaining a second superseding indictment that charged Petitioner with a more serious offense. At that time, Petitioner was represented by two attorneys; one of which moved to withdraw shortly before trial after it became known that said attorney employed an individual as paralegal whom the government identified as a possible witness in the case, and who had allegedly contacted the father of a co-defendant to counsel him that his son should not plead guilty. Petitioner further claims he received inadequate advice prior to trial and at sentencing.

At this time, Petitioner's counsel have not filed affidavits or have otherwise responded to Petitioner's claims. The Court thus finds that an

evidentiary hearing is necessary to determine what advice Petitioner was provided and by which counsel.

**IT IS HEREBY ORDERED** that the Court will hold an evidentiary hearing, at a time and place to be determined, on Petitioner's claims.

Date:  August 4, 2020                s/ Michael J. Davis
                                     Michael J. Davis
                                     United States District Court