# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,                    Case No. 15-cr-49(2) (MJD/HB)

         Plaintiff,

v.                                                          **ORDER**

Mohamed Abdihamid Farah,

         Defendant.

      This matter is before the Court on the application of defendant Mohamed Abdihamid Farah to proceed *in forma pauperis* ("IFP") on appeal from the denial of his motion for relief under 28 U.S.C. § 2255. <u>See</u> Dkt. No. 1029. Rule 24 of the Federal Rules of Appellate Procedure provides that a party "who was determined to be financially unable to obtain an adequate defense" in the underlying criminal case may generally proceed *in forma pauperis* on appeal without further authorization of the court. <u>See</u> Fed. R. App. P. 24(a)(3).

      In this case, Farah was previously found eligible for court appointed counsel because he was financially unable to obtain adequate counsel on his own. Thus, Farah's application for IFP status is moot and he may proceed IFP on appeal

without further authorization of the Court.[1] Because Farah need not again request IFP status to proceed IFP on appeal, his application will be denied as moot.[2]

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that the application to proceed *in forma pauperis* on appeal of defendant Mohamed Abdihamid Farah [Dkt. No. 1029] is DENIED AS MOOT.

Dated: May 17, 2022

s/Michael J. Davis
Michael J. Davis
United States District Court

---

[1] Although a litigant may proceed IFP only if his appeal is taken in good faith, and although the Court has declined to issue a certificate of appealability, "[t]he standard for granting an application for leave to proceed *in forma pauperis* . . . is a lower standard than the standard for certificates of appealability." Moore v. Haas, Civil No. 2:13-CV-12225, 2013 WL 5819593, at *6 (E.D. Mich. Oct. 29, 2013); accord United States v. Youngblood, 116 F.3d 1113, 1115 (5th Cir. 1997). The Court continues to believe that the motion for relief under § 2255 was properly denied, but Farah's appeal is not frivolous as the Supreme Court has defined that term.

[2] Even if Farah's appellate IFP application were not moot, the application could not be granted because it lacks the necessary affidavit required by 28 U.S.C. § 1915(a)(1). Because the application is moot, however, Farah's failure to supply this affidavit is ultimately irrelevant.