UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff/Respondent,

v.

Mohamed Abdihamid Farah,

      Defendant/Petitioner.

**MEMORANDUM OPINION
AND ORDER**
Crim. No. 15-049 (02) (MJD)

---

Andrew R. Winter, Assistant United States Attorney, Counsel for Plaintiff/Respondent.

Mohamed Abdihamid Farah, Defendant/Petitioner, Pro Se.

---

This matter is before the Court on Defendant/Petitioner's Pro Se Motion to Reopen 28 USC § 2255 Proceedings and Relief of Judgement or Order Pursuant to Rule 60(b)(6).  (Doc. 1056.)

## I.  Background

On June 3, 2016, a jury found Defendant/Petitioner ("Petitioner") guilty on all counts in the Superseding Indictment: Count 1, Conspiracy to Murder Outside the United States; Count 2, Conspiracy to Provide Material Support to a Designated Foreign Terrorist Organization; Count 5, Attempting to Provide

1

Material Support to a Designated Foreign Terrorist Organization; Count 6, Attempting to Provide Material Support to a Designated Foreign Terrorist Organization; Count 7, Perjury; and Count 9, False Statement.  (Doc. 592.)

The  Court sentenced Petitioner to 360 months imprisonment on Count 1, 180 months on Counts 2, 5 and 6, 60 months on Count 7 and 96 months on Count 9, to be served concurrently.  (Doc. 827 (Sentencing Memorandum and Opinion).) Petitioner's convictions and sentence were affirmed on appeal.  United States v. Farah et al., 899 F.3d 608 (8th Cir. 2018) reh'g and reh'g en banc denied, (Oct. 12, 2018) cert. denied, 139 S. Ct. 1275 (Feb. 25, 2019).

On February 22, 2020, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.  (Doc. 922 (noting "corrected" motion).)  In that motion, Petitioner asserted a number of claims based on ineffective assistance of counsel, which the Court denied after holding an evidentiary hearing.  (Docs. 1010, 1026.)  The Court also declined to issue a certificate of appealability.  (Doc. 1026 at 22-23.)  Defendant was represented by new counsel throughout his § 2255 proceedings.  Defendant appealed and his appeal was dismissed by the Eighth Circuit on July 29, 2022.  (Doc. 1035.)  The Eighth Circuit issued its mandate on September 20, 2022.  (Doc. 1036.)

II.   **Petitioner's "Motion to Reopen 28 U.S.C. Proceedings and Relief of Judgment Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure"**

Petitioner filed the instant motion on May 14, 2024 claiming that the Court "committed clear legal error" by failing to evaluate the conduct of Attorney Patrick Nwaneri on May 18, 2015, the date the Superseding Indictment was filed in this case, because Attorney Murad Mohammed was not counsel of record on that date—"the time of the claimed error"—which was prior to Mohammed filing his notice of appearance on August 5, 2015.  (Doc. 1056 at 3.)

Because the Court has ruled on the § 2255 petition and judgment has been entered, the Court must determine whether to construe the present motion as one under Rule 60(b)(6) of the Federal Rules of Civil Procedure or a successive habeas petition.

III.   **Rule 60(b)(6)**

Rule 60(b)(6) provides in relevant part that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding f or the following reasons: . . . any other reason justifying relief."  "[R]elief under rule 60(b)(6) remains an extraordinary remedy for exceptional circumstances."  <u>City of Duluth v. Fond du Lac Band of Lake Superior Chippewa</u>, 702 F.3d 1147, 1155 (8th Cir. 2013) (citation omitted).

3

When a petitioner files a motion pursuant to Rule 60 following the dismissal of his habeas petition, the Court is to conduct a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2255.  Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002).  This inquiry is necessary because the law is clear that a petitioner "may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure."  United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005).  Section 2255 provides that prior to filing a successive petition for relief, the petitioner must first move in the appropriate court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2255(h).

A Rule 60(b) motion should be construed as a successive habeas petition if the motion contains a claim as defined in Gonzalez v. Crosby, 545 U.S. 534 (2005).  See Ward v. Norris, 577 F.3d 925, 933 (8th Cir. 2009).  In Gonzalez, the Supreme Court defined a "claim" as one that sought to add a new ground for relief or one that attacks the federal court's previous resolution of a claim on the merits.  545 U.S. at 532.  On the other hand,

4

> [n]o claim is presented if the motion attacks some defect in the integrity of the federal habeas proceedings.  Likewise, a motion does not attack a federal court's determination on the merits if it merely asserts that a previous ruling which precluded a merits determination was in error— for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.  This reasoning is illustrated in <u>Gonzalez,</u> in which the petitioner moved for relief from judgment challenging the district court's determination that his habeas petition was time barred under AEDPA.  Because the motion challenged only the statute of limitations that applied to the habeas proceeding and did not assert a claim, the Supreme Court held that it was not a second or successive habeas petition.

<u>Ward</u>, 577 F.3d at 933 (internal citations omitted).

A Rule 60 motion that is "an attack based on the movant's own conduct, or his habeas counsel's omissions, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably."  <u>Id.</u> (quoting <u>Gonzalez</u>, 545 U.S. at 532 n.5).  Based on <u>Gonzalez</u>, the Eighth Circuit held a Rule 60(b) motion that claimed the petitioner was incompetent when his original habeas petition had been litigated was, in effect, a new claim of ineffective assistance of counsel based on counsel's failure to present petitioner's incompetence to the court, and that the district court was correct to dismiss the motion as a successive habeas petition.  <u>Id.</u> at 934.

In this case, Petitioner claims the Court failed to properly evaluate his claims because he had different counsel early in the case and Attorney Murad

5

Mohammed was not the counsel of record "at the time of the claimed error."

(Doc. 1056 at 3.)  This is not a claim that attacks "some defect in the integrity of

the federal habeas proceedings" or a claim involving "failure to exhaust,

procedural default, or statute-of-limitations bar."  Ward, 577 F.3d at 933.  Rather,

the Court finds that Petitioner attacks the federal court's previous resolution of a

claim on the merits.  See Gonzalez, 545 U.S. at 532.  Accordingly, the Court finds

that the motion before it is a successive habeas petition.

Petitioner did not move in the appropriate court of appeals for an order

authorizing the district court to consider his motion as required under § 2255(h).

As a result, dismissal of the motion is appropriate.  See Boyd, 304 F.3d at 814.

Accordingly, **IT IS HEREBY ORDERED:**

1.  Defendant/Petitioner's Pro Se Motion to Reopen 28 U.S.C. § 2255 Proceedings and Relief of Judgement or Order Pursuant to Rule 60(b)(6) **[Doc. 1056]** is **DISMISSED WITHOUT PREJUDICE**; and

2.  The Government's Motion to Dismiss Motion For Relief From Judgment Under Rule 60(b) **[Doc. 1058]** is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:   August 12, 2024

s/Michael J. Davis
Michael J. Davis
United States District Court