UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff/Respondent,

v.

Mohamed Abdihamid Farah,

    Defendant/Petitioner.

**MEMORANDUM OPINION AND ORDER**
Crim. No. 15-00049 (02) (MJD)

---

Andrew R. Winter, Assistant United States Attorney, Counsel for Plaintiff/Respondent.

Mohamed Abdihamid Farah, Defendant/Petitioner, Pro Se.

---

Before the Court is Defendant/Petitioner's Pro Se Motion for Reconsideration Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

On June 3, 2016, a jury found Defendant/Petitioner ("Petitioner") guilty on all counts in the Superseding Indictment: Count 1, Conspiracy to Murder Outside the United States; Count 2, Conspiracy to Provide Material Support to a Designated Foreign Terrorist Organization; Count 5, Attempting to Provide Material Support to a Designated Foreign Terrorist Organization; Count 6,

1

Attempting to Provide Material Support to a Designated Foreign Terrorist Organization; Count 7, Perjury; and Count 9, False Statement.  (Doc. 592.)

The Court sentenced Petitioner to 360 months imprisonment on Count 1, with shorter sentences on the other counts to be served concurrently.  (Doc. 827.)  Petitioner's convictions and sentences were affirmed on appeal.  United States v. Farah et al., 899 F.3d 608 (8th Cir. 2018).

On February 22, 2020, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.  (Doc. 922.)  Petitioner asserted a number of claims based on ineffective assistance of counsel, which the Court denied after an evidentiary hearing.  (Docs. 1010, 1026.)  The Court declined to issue a certificate of appealability.  (Doc. 1026 at 22-23.)  Petitioner was represented by new counsel throughout his § 2255 proceedings.  Petitioner's appeal was dismissed by the Eighth Circuit on July 29, 2022, which issued its mandate on September 20, 2022.  (Docs. 1035, 1036.)

On August 12, 2024, the Court dismissed without prejudice Petitioner's Pro Se Motion to Reopen 28 U.S.C. § 2255 Proceedings and Relief of Judgement or Order Pursuant to Rule 60(b)(6) and granted the Government's Motion to

Dismiss Defendant's Motion for Relief from Judgment Under Rule 60(b) ("the Government's motion to dismiss").  (Doc. 1059.)

On September 9, 2024, Petitioner filed the instant motion, in which he argues that the Court erred in this evaluation of his Strickland claim of ineffective assistance of counsel, both in the Court's original denial of Petitioner's § 2255 motion and in the Court's order dismissing his Rule 60 motion.

Petitioner first argues that he was denied the opportunity to file a reply to the Government's motion to dismiss.  Petitioner misconstrues the Government's "motion," which, in reality was the Government's response to Petitioner's Pro Se Motion to Reopen 28 U.S.C. § 2255 Proceedings and Relief of Judgement or Order Pursuant to Rule 60(b)(6).  (See Doc. 1057 (ordering the Government to file a "response" to Petitioner's motion on or before 6/28/24).)  This was not a new motion requiring a response from Petitioner, merely the unfortunately-captioned response to Petitioner's motion.

The remainder of Petitioner's Rule 59(e) motion fails because the motion reasserts that the Court erred in its evaluation of his Strickland claim in his original § 2255 motion and that it erred in dismissing the Rule 60 motion.  (Doc.

3

1072 at 2-3.) Petitioner also argues that the Court erred in failing to issue a certificate of appealability. (Id. at 3-4.)

The Court disagrees. Petitioner's motion is but an attempt to relitigate his initial § 2255 motion, which was denied on the merits. Therefore, the motion is a successive § 2255 motion, filed without proper authorization from the Eighth Circuit. See 28 U.S.C. § 2255(h) (providing that prior to filing a successive petition for relief, the petitioner must first move in the appropriate court of appeals for an order authorizing the district court to consider the application). Accordingly, the Court lacks jurisdiction over this matter.

The Court has already found that Rule 60(b) does not authorize collateral attacks on convictions or sentences. (Doc. 1059 at 6.) Therefore, the Court need not consider its denial of that motion under Rule 59(e).

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant/Petitioner's Pro Se Motion for Reconsideration Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure **[Doc. 1072]** is **DENIED**.

Date: November 19, 2024         s/Michael J. Davis
                                Michael J. Davis
                                United States District Court